## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ACCURATE INSURANCE SERVICES, INC. | ) | |
| | ) | Case Number: 2015-CV-6735 |
| Plaintiff | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | Magistrate Judge: |
| JOSEPH STINGER | ) | |
| D/B/A ACCURATE INSURANCE AGENCY | ) | |
| | ) | |
| Defendant | ) | |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF [IS THIS OK?]

Plaintiff, ACCURATE INSURANCE SERVICES, INC., brings suit against Defendant JOSEPH STINGER d/b/a ACCU RATE INSURANCE AGENCY for infringing its federal, state and common law trademark rights.

### Nature of Action

Plaintiff owns and uses the trade name "Accurate Auto Insurance®" in its insurance business, which it operates in 15 states, including Illinois and Missouri. Defendant competes against Plaintiff using a similar to identical trade names without consent of Plaintiff. Plaintiff seeks actual damages, injunction and other relief for Defendant's unlawful use and unilateral appropriation of its trademarks. Defendant's conduct violates the Lanham Act, Title 15, Illinois common law, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and the Illinois Trademark Registration and Protection Act (765 ILCS 1036).

### Parties

1.  Plaintiff is an Illinois corporation with its principal place of business in Cook County, Illinois.

2. Defendant, Joseph R. Stinger, personally operates a competitive business out of Missouri under the fictitious name "Accu-Rate Insurance Agency," "Accu Rate Insurance Agency," or similar variations of these names. Although based in Missouri, the Defendant offers and sells insurance in the State of Illinois, including in the Chicagoland area. The Defendant competes against Plaintiff within the same insurance markets and for the same pool of customers.

**Jurisdiction and Venue**

3. Original and supplemental jurisdiction are rooted in 28 U.S.C. §§§1331, §1338(a) and (b), and §1367(a).

4. Defendant does business in the Northern District of Illinois, has engaged in tortious acts or omissions against Plaintiff within this District, and has otherwise made or established contacts sufficient to permit the exercise of personal jurisdiction in this District. Venue is thus proper in this District under 28 U.S.C. §1391(b)(2), (c) and (d).

**<u>Allegations Common to all Counts</u>**

5. Plaintiff is an insurance agency that offers and sells insurance products to the retail consumers.

6. A large part of Plaintiff's business consists of the sale of non-standard insurance to drivers. Non-standard insurance is insurance for drivers determined by insurance carriers to present a high risk for loss. Non-standard customers are transient and frequently move around to different companies, making the sale of non-standard insurance highly competitive. Plaintiff has thus spent a significant amount of money to develop customer loyalty and brand recognition.

7.     Plaintiff has been offering and selling insurance in the Chicagoland area and throughout Illinois since 1992. Plaintiff has grown over the years and now offers and sells insurance in 22 other states, including the State of Missouri.

8.     Plaintiff is the exclusive owner of the trademarks and all intellectual property rights to its trade name, "Accurate Auto Insurance®."

9.     Plaintiff owns and claims common law rights to the trademark "Accurate Auto Insurance" in connection with the offering and selling of insurance products (the "Accurate Mark").

10.     Plaintiff owns the U.S. Federal Trademark Registration No. 3,260,827 (the "Registered Mark"). The Registration Mark was granted in connection with Plaintiff's offering and selling of insurance services. *See Exhibit 1*, registration certificate of the Registered Mark.

11.     The Registered Mark has become incontestable pursuant to 15 U.S.C. § 1065. *See Exhibit 2*.

12.     Plaintiff also has a registered trademark in the state of Illinois: Registration No. 074299 (the "Illinois Marks"). *See Exhibit 3*, trademark registration records from the Illinois Secretary of State.

13.     The Accurate Mark, the trade name, the Illinois Mark, and the Registered Mark (or collectively, the "Marks") have been used continuously by Plaintiff since at least 1992 in connection with its offering and selling of insurance products, including non-standard motor vehicle insurance.

14.     Plaintiff has locations in the Chicagoland area, and in Illinois. Plaintiff also offers and sells insurance through the internet in Illinois and 15 other States, including Missouri.

15. The Marks are well-known and famous throughout the Chicagoland area, Illinois, and the United States.

16. Plaintiff registered and maintains a website under the domain name accurateautoins.com, which it has done since 1998. Plaintiff uses the web to advertise and market its products and services in an effort to increase its market presence and gain greater market penetration.

17. Years after the establishment of Plaintiff's company, Defendant began directly competing with Plaintiff by offering and selling insurance, including non-standard automobile insurance, to retail consumers in Illinois and Missouri.

18. The Defendant offers and sells insurance using a trade name similar or identical to Plaintiff's Marks. The Defendant offers insurance under the trade name or names of similar permutations of ACCU RATE INSURANCE AGENCY, ACCURATE INSURANCE AGENCY, INSURANCE ACCURATE (the "Infringing Mark").

19. Since October 2012, the Defendant registered and operates a website at insuranceaccurate.com through which he advertises and markets himself as offering and selling insurance products throughout Missouri and Illinois, including in the Chicagoland area. *See Exhibit 4*, copy of Defendant's website landing page.

20. Plaintiff has been contacted at its Chicago office by customers of Defendant and prospects believing Plaintiff is the same operation as the Defendant's.

21. On information and belief, Plaintiff's customers, including its Chicago area customers, have either contacted the Defendant or have done business with the Defendant on the mistaken belief that Defendant is the same company as Plaintiff or is sanctioned or affiliated with Plaintiff.

22.  The Defendant's operation is unaffiliated with Plaintiff and is not sanctioned by or in any way authorized by Defendant.

23.  Through the operation of his business, Defendant has harmed and continues to harm Plaintiff through use of its Infringing Mark.

24.  Plaintiff actively invests in the protection of its Marks, even in States where it is not yet authorized to offer or sell insurance or against businesses who would seek to register confusingly similar names.

25.  Plaintiff also invests in the marketing and advertising of its Marks. Plaintiff spends money annually on various forms of advertising, including maintaining billboards throughout the Chicagoland area. Plaintiff places print advertisements in phone books, newspapers and publications, which feature and promote its Marks. Plaintiff also promotes its Marks through digital media, including on the World Wide Web, its website accurateautoins.com, and many other websites. Plaintiff's digital media strategy focuses on promoting the Marks generally and for the benefit of its reputation nationally.

26.  On February 24, 2015, Plaintiff wrote Defendant advising him that Plaintiff owned the Marks and that Defendant's use of the Infringing Mark infringed the Marks, and is likely causing confusion in the marketplace. Plaintiff sought written assurances from Defendant to cease using the Marks, or at minimum attempt a mutually agreeable resolution of the matter.  A copy of the letter is attached as *Exhibit 5*.

27.  Defendant has provided no assurances, written or otherwise. To the contrary, Defendant denied the cease and desist entreaty, threatened litigation, and insisted that Plaintiff's cease and desist letter was equivalent to harassment. Defendant's hostile, aggressive and unproductive response forced the Plaintiff to file this suit.

## COUNT I
## Trademark Infringement, Lanham Act (15 USC §1114)

28.    Plaintiff adopts and re-alleges all the allegations above as if fully set out in this paragraph.

29.    Plaintiff is the sole and exclusive owner of the Marks.

30.    Through its marketing and operations, Plaintiff's Marks, the services and goodwill associated therewith are known to the public and in the auto insurance industry. Plaintiff's Marks distinguish Plaintiff, its services and the goodwill associated therewith from that of its competitors.

31.    Defendant's use and continued use of the Infringing Mark in providing substantially similar services, is an infringement of Plaintiff's Marks under U.S. trademark laws and constitutes federal trademark infringement of the Lanham Act (15 U.S.C. § 1114).

32.    Defendant's use and continued use of the Infringing Mark is without license, consent or permission from Plaintiff.

33.    By the use and continued use of the Infringing Mark, Defendant has caused and will continue to cause confusion in the marketplace, mislead or deceive the public into believing that Defendant's services are associated with, or connected to Plaintiff's, thereby depriving Plaintiff the goodwill and other property rights attached to the Marks.

34.    Defendant's use and continued use of the Infringing Mark in the same industry as Plaintiff's is wrongful, intentional and in deliberate and knowing disregard of Plaintiff's exclusive ownership rights to the Marks. Despite Defendant's direct, actual knowledge of the Plaintiff's Marks, Defendant continues to use the Infringing Mark and refused to cease and desist from its use.

35. The trademark infringement complained of herein has caused and, unless restrained and enjoined, will cause irreparable harm, damage and injury to Plaintiff, for which it has no adequate remedy at law.

## COUNT II
## Federal Unfair Competition, Lanham Act (15 USC §1125(a))

36. Plaintiff adopts and re-alleges all the allegations above as if fully set out in this paragraph.

37. The Marks used by Plaintiff in its insurance service business is distinctive and/or has acquired secondary meaning.

38. Defendant's use of the Infringing Mark in connection with services identical to those offered by Plaintiff under the Marks constitute infringement of Plaintiff's rights in the Marks and is likely to create confusion, or to cause mistake, or to deceive the public as to the origin, sponsorship or approval of Defendant's services.

39. Defendant used and continues to use the Infringing Mark in bad faith, with the intent to trade upon the goodwill established by Plaintiff, to create confusion in the public mind, and to misappropriate Plaintiff's rights in the goodwill it has established in the Marks, all to the irreparable injury of Plaintiff.

40. By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be damaged, and, unless Defendants' activities are restrained, Plaintiff will continue to suffer serious and irreparable injury.

## COUNT III
## Trademark Dilution
## Lanham Act (15 USC §1125(c)

41. Plaintiff adopts and re-alleges all the allegations above as if fully set out in this paragraph.

42.     Plaintiff's Marks are recognized by the general public as a designation of source of Plaintiff's services.

43.     The Marks have become famous due to Plaintiff's: (a) use since at least 1992, (b) the significant sales of goods and services under the Marks; and (c) advertising and marketing of the Mark.

44.     Defendant's placed the Infringing Mark in the stream of commerce after periods when Plaintiff's Marks had become distinctive or famous.

45.     Defendant's use of the Infringing Mark is likely to harm Plaintiff by harming the reputation or goodwill symbolized by the Plaintiff's Mark since Defendant's use is not controlled or monitored by Plaintiff.

46.     By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be damaged, and, unless Defendants' activities are restrained, Plaintiff will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

## COUNT IV
## Cybersquatting, 15 USC 1125(d)

47.     Plaintiff adopts and re-alleges all the allegations above as if fully set out in this paragraph.

48.     Defendant registered and used the domain name insuranceaccurate.com (the "Infringing Domain Name) in or about 2012, which is 20 years after Plaintiff began use of its Marks. *See Exhibit* 6. The Infringing Domain Name is identical or confusingly similar to Plaintiff's Marks.

49.     Defendant registered and used the Infringing Domain Name in bad faith with intent of causing harm to Plaintiff and its brands and of profiting unlawfully from Plaintiff by cannibalizing and siphoning business from Plaintiff.

50. Defendants registered and used the Infringing Domain Name with the intent to divert consumers from Plaintiff's online location to their website accessible through the Infringing Domain Name and with the bad faith intent to harm Plaintiff's goodwill and to profit from Plaintiff's mark by creating a likelihood as to source, sponsorship, affiliation, or endorsement of the Defendant's Infringing Domain Name.

51. Defendant's conduct has caused and is likely to cause injury to Plaintiff and the public. Plaintiff is entitled to injunctive relief, and to recover either statutory damages under 15 USC 1117 or Defendants' trebled profits, together with Plaintiff's costs and reasonable attorneys' fees.

## COUNT V
## Illinois Uniform Deceptive and Unfair Trade Practices Act, 815 ILCS 510/2

52. Plaintiff adopts and re-alleges all the allegations above as if fully set out in this paragraph.

53. Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") provides, in relevant part that:

> A person engages in deceptive trade practices when, in the course of his business, location, or occupation, he: (1) passes off goods or services of those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another; . . . (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

> 815 ILCS 510/2

54. Defendant's appropriation of Plaintiff's Marks in connection with its insurance business is an attempt to pass off Defendant's services as those of Plaintiff and cause a likelihood

of confusion or of misunderstanding as to the source, sponsorship, approval or

certification of Defendant's services in violation of the UDTPA.

55.     Defendant has willfully engaged in deceptive trade practices prohibited by Section 2 of

the UDTPA, in that Defendant adopted, used and continues to use Plaintiff's Marks with

the intent to trade upon the goodwill established by Plaintiff under the Marks, to create

confusion in the public mind and to misappropriate Plaintiff's rights in the goodwill it has

established, all to the irreparable injury of Plaintiff.

56.     By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be

damaged, and, unless Defendants' activities are restrained, Plaintiff will continue to

suffer serious and irreparable injury, without a full and adequate remedy at law.

**COUNT VI**
**Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2**

57.     Plaintiff adopts and re-alleges all the allegations above as if fully set out in this

paragraph.

58.     Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the

"DBPA") provides:

> Unfair deceptive acts or practices, including but not limited to . . . the use
> or employment or any practice described in Section 2 of the "Uniform
> Deceptive Trade Practices Act," approved August 5, 1965, and the
> conduct of any trade or commerce are hereby declared unlawful whether
> in fact any person has been misled, deceived or damaged thereby.

815 ILCS 505/2

59.     Defendant's violation of the UDTPA, by his use and employment of deceptive trade

practices, constitutes a violation of Section 2 of DBPA.

60. By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be damaged, and, unless Defendant's activities are restrained, Plaintiff will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT VII
## Trademark Infringement
## Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60

61. Plaintiff adopts and re-alleges all the allegations above as if fully set out in this paragraph.

62. Section 1036/60 of the Illinois Trademark Registration and Protection Act ("ITRPA") provides:

> Subject to the provisions of Section 80 of this Act, a person shall be liable in a civil action by the registrant for any and all of the remedies provided in Section 70 of this Act if the person: (a) uses, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this Act in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services; or (b) reproduces, counterfeits, copies, or colorably imitates any such mark and applies such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this State of such goods or services. The registrant shall not be entitled to recover profits or damages under this subdivision (b) unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

765 ILCS 1036/60.

63. Plaintiff's Illinois Marks distinguish its services and the goodwill associated therewith from that of its competitors.

64.     Defendant's use and continued use of the Infringing Mark in providing substantially similar services, is an infringement of Plaintiff's established Marks under Illinois state trademark law.

65.     Defendant's use and continued use of the Infringing Mark is without license from or permission by Plaintiff.

66.     By the use and continued use of the Infringing Mark, Defendant has caused and will continue to cause confusion in the marketplace or mistake or to deceive the public into believing that Defendant's services are associated with, or connected to Plaintiff, thereby depriving it of the goodwill attached to its Marks.

67.     Defendant's use and continued use of the Infringing Mark in the same industry as Plaintiff is wrongful, intentional and in deliberate and knowing disregard of Plaintiff's exclusive ownership rights. Despite Defendant's knowledge of the Illinois Marks, Defendant continues to use the Infringing Mark with impunity.

68.     The trademark infringement complained of herein has caused and, unless restrained and enjoined, will cause irreparable harm, damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### COUNT VIII
### Common Law Unfair Competition

69.     Plaintiff adopts and re-alleges all the allegations set forth above as if fully set forth in this paragraph.

70.     Defendant's use and continued use of the Infringing Mark in connection with services and in connection with advertisements used to solicit such services that are identical to the services offered by Plaintiff under its Marks, without its consent, is an attempt to pass off Defendant's services as those of Plaintiff's; causes a likelihood of confusion or of

misunderstanding as to the source, sponsorship, approval or certification of Defendant's services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendant and Plaintiff; and/or creates a likelihood of confusion or misunderstanding among consumers, generally as between the services of Defendant and those of Plaintiff, and constitutes unfair competition under the laws of the State of Illinois.

71.     Defendant has intentionally and willfully engaged in unfair competition in that Defendant adopted, used and continues to use the Infringing Mark with the intent to trade upon the goodwill established by Plaintiff under its Marks, to create confusion in the public mind, and to misappropriate Plaintiff's rights and the goodwill it has established, all to the irreparable injury of Plaintiff.

72.     The acts of Defendant complained of herein constitute inequitable pirating of the fruits of Plaintiff's labor and are acts of unfair competition in violation of Illinois common law. Defendant's acts of unfair competition were done and continue to be done knowingly, intentionally and willfully.

73.     Defendants will continue to engage in unfair competition with Plaintiff unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a.    Temporarily, preliminarily and permanently enjoin, pursuant to 15 U.S.C. §1116 (and/or 765 ILCS 1036/70), Defendant, its representatives, officers, directors, agents, servants, employees and attorneys and any and all persons in active concert with it from using, in any fashion, the Infringing Mark or any variations thereof or any trade name, trademark or service mark confusingly or deceptively similar to the Mark in connection with the

promotion, advertising, solicitation, operation, conduct and expansion of Defendant's business in particular, in connection with Defendant's business in the state of Illinois, Missouri, and nationally, or otherwise competing unfairly with Plaintiff;

b.  Order the Domain Name Holder to relinquish all rights in any infringing internet domain name through which Defendant uses to infringe on Plaintiff's marks; and directing any and all domain proxy holding companies or any other party in position to do so, to transfer any Internet domain names to Plaintiff; Directing Defendants to account to Plaintiff for any and all profits derived by them from the sale of products or services through the use of the infringing mark or the accused domain name; Awarding Plaintiff a monetary judgment against Defendants for the maximum damages allowable pursuant to 15 U.S.C. § 1125 (and/or 765 ILCS 1036/65);

c.  Order, pursuant to 15 U.S.C. §1118 (and/or 765 ILCS 1036/70), Defendant, its representatives, officers, directors, agents, servants, employees and attorneys and any and all persons in active concert with them to deliver to Plaintiff for destruction, all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or videotapes, clothing, personal accessories, or any other product or thing which depicts or otherwise disclose the Infringing Mark, or any name or mark confusingly similar thereto;

d.  Order Defendant, its representatives, officers, directors, agents, servants, employees and attorneys and any and all persons in active concert with them to fully compensate Plaintiff for the preparation and distribution of any necessary corrective advertising;

e.  Order an accounting of all of Defendant's profits derived from infringements, and award to Plaintiff exemplary damages, attorney's fees and costs therefor;

f.  Order monetary relief in the amount of any and all profits derived by Defendant from the sale of their services and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein;

g.  Order monetary relief in the amount of treble the amount of actual damages suffered by Plaintiff;

h.  Order monetary relief in the amount of Plaintiff's reasonable attorneys' fees and costs of suit; and

i.  Award Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

Plaintiff hereby waives jury trial on all triable issues.

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,260,827

Registered July 10, 2007

### SERVICE MARK
### PRINCIPAL REGISTER



ACCURATE AUTO INSURANCE, INC. (ILLINOIS CORPORATION), 919 SOUTH HARLEM AVE., 3RD KORVIEW, IL 60465

FOR: ACCIDENT INSURANCE UNDERWRITING; APPRAISALS FOR INSURANCE CLAIMS OF PERSONAL PROPERTY, INSURANCE BROKERAGE INSURANCE CARRIER SERVICES; INSURANCE CLAIMS PROCESSING; INSURANCE CONSULTATION; INSURANCE SERVICES, NAMELY, UNDERWRITING EXTENDED WARRANTY CONTRACTS IN THE FIELD OF AUTOMOBILES; INSURANCE UNDERWRITING SERVICES FOR ALL TYPES OF INSURANCE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1992; IN COMMERCE 1-1-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AUTO INSURANCE", APART FROM THE MARK AS SHOWN.

THE COLORS RED, WHITE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE COLOR RED APPEARS IN THE OBLONG DESIGN, THE COLOR WHITE APPEARS IN THE WORDING ACCURATE AND THE COLOR BLACK APPEARS IN THE WORDING AUTO INSURANCE.

SER. NO. 78-95,286, FILED 8-4-2006.

WILLIAM VERHOSEK, EXAMINING ATTORNEY



**United States of America**

United States Patent and Trademark Office

**Reg. No. 3,260,827**

**Registered July 10, 2007**

**Corrected Aug. 7, 2012**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

ACCURATE INSURANCE SERVICES, INC. (ILLINOIS CORPORATION)
9115 SOUTH HARLEM AVE.
BRIDGEVIEW, IL 60455

FOR: ACCIDENT INSURANCE UNDERWRITING; APPRAISALS FOR INSURANCE CLAIMS OF PERSONAL PROPERTY; INSURANCE BROKERAGE; INSURANCE CARRIER SERVICES; INSURANCE CLAIMS PROCESSING; INSURANCE CONSULTATION; INSURANCE SERVICES, NAMELY, UNDERWRITING EXTENDED WARRANTY CONTRACTS IN THE FIELD OF AUTOMOBILES; INSURANCE UNDERWRITING SERVICES FOR ALL TYPES OF INSURANCE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-1992; IN COMMERCE 11-1-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AUTO INSURANCE", APART FROM THE MARK AS SHOWN.

THE COLOR(S) RED, WHITE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE COLOR RED APPEARS IN THE OVAL/OVAL DESIGN, THE OVAL OBJECT APPEARS IN THE WORDING ACCURATE AND THE COLOR BLACK APPEARS IN THE WORDING AUTO INSURANCE.

SER. NO. 78-953,335, FILED 8-14-2006.

David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT #2

7/27/2015                                    IL Business Services Trademark Searches



## Trademark / Service Mark Detail Report

| | | | |
|---|---|---|---|
| **Name of the Mark** | ACCURATE AUTO INSURANCE | **Registration Number** | 074299 |
| **Type of Mark** | SERVICE | **Class** | 102 |
| **Date of Registration** | 03/30/1994 | **Expiration Date** | 03/30/2019 |
| **First Use Any Where** | 11/01/1992 | **First Use in Illinois** | 11/01/1992 |
| **Description of Goods/Services** | INSURANCE AND AUTO INSURANCE | | |
| **Name of Registrant** | ACCURATE INSURANCE SERVICES INC. | **Registrant Address** | 9115 S HARLEM AVE BRIDGEVIEW, IL 60455 |
| **Registrant Type** | CORPORATION | **Registrant State** | IL |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

EXHIBIT #3



EXHIBIT #4



**JOHNS LAW** LLC
Attorneys at Law
205 N. Michigan Ave., Ste., 850
Chicago, Illinois 60601-5922
P: 312.257.3970
F: 312.756.7375
EJohns@Johns-Law.com
www.Johns-Law.com

February 24, 2015

*By US First Class & Certified Mail*

Joseph Stinger *d/b/a* AccuRate Insurance
Agency
9424 St. Charles Rock Road
St. Louis, Missouri 63114
&
Domain Administrator
Insurance Technologies
Corporation
1415 Halsey Way
Carrollton, Texas 75007

& Joseph Stinger *d/b/a* AccuRate Insurance
Agency
8905 St. Charles Rock Road
St. Louis, Missouri 63114

Re:   **Trademark/Cybersquatting Cease & Desist Notice**

Dear Sir/Madam:

You and/or your agent are to cease and desist immediately from the use of "Accurate Insurance" in your sale of insurance since this infringes and cybersquats on the legally protected trademarks of Accurate Insurance Services, Inc ("Accurate").

Our law firm represents Accurate, which is an Illinois domiciled corporation that currently sells insurance in at least 14 states, including Illinois and Missouri. Accurate has sold insurance, including auto and car, under the name "Accurate Auto Insurance" since 1992. "Accurate Auto Insurance" is also listed on the Principal Register of the United States Patent and Trademark Office under Registration Number 3260827. As such, Accurate has exclusive rights to use of the name "Accurate Insurance" and "Accurate Auto Insurance" as it relates to the sale of insurance.

We recently learned that you have for some time been marketing and selling car and automobile insurance in the States of Illinois and Missouri using the names "Accurate Insurance" and "Accu Rate Insurance." We have also learned that you are also selling and marketing these products using the domain name "insuranceaccurate.com."

Since you do not have permission from Accurate to use its trademarks, your conduct violates its intellectual property rights. Your conduct also likely confuses consumers into believing that you are in fact Accurate or that you are legitimately connected to Accurate, particularly since you sell the same insurance in two of the same States in which Accurate sells and markets insurance. You are thus profiting from the goodwill, reputation, and market acceptance Accurate has gained through expenditure of its own resources.

EXHIBIT #5

TM/Cybersquatting Cease & Desist
AIS/Accurate Insurance Agency
2.24.2015 (Page 2/2)

We demand that you immediately cease using any form or variation of "Accurate Insurance" in your sale of insurance. Please provide me with written acknowledgment by *March 9, 2015*, that you will discontinue your sale of insurance using Accurate's trademarks.

Thank you for your attention to this matter. You may contact me to let me know of any concerns you might have.

Sincerely,

Johns Law LLC
Frank Johns

**Accurate Insurance Services, Inc. v. Joseph Stinger d/b/a Accurate Insurance Agency**

2/23/2015                                    | ICANN WHOIS

简体中文   English   Français   Русский   Español   العربية

## ICANN WHOIS BETA

---

insuranceaccurate.com                    Lookup

# Contact Information

### Registrant Contact
Name: DOMAIN ADMINISTRATOR
Organization: INSURANCE TECHNOLOGIES CORPORATION
Mailing Address: 1415 HALSEY WAY, CARROLLTON TX 75007 US
Phone: +1.9722453660
Ext:
Fax:
Fax Ext:
Email:DOMAINADMIN@GETITC.COM

### Admin Contact
Name: DOMAIN ADMINISTRATOR
Organization: INSURANCE TECHNOLOGIES CORPORATION
Mailing Address: 1415 HALSEY WAY, CARROLLTON TX 75007 US
Phone: +1.9722453660
Ext:
Fax:
Fax Ext:
Email:DOMAINADMIN@GETITC.COM

### Tech Contact
Name: DOMAIN ADMINISTRATOR
Organization: INSURANCE TECHNOLOGIES CORPORATION
Mailing Address: 1415 HALSEY WAY, CARROLLTON TX 75007 US
Phone: +1.9722453660
Ext:

http://whois.icann.org/en/lookup?name=insuranceaccurate.com                    1/5

EXHIBIT #6

Fax:
Fax Ext:
Email:DOMAINADMIN@GETITC.COM

## Registrar

WHOIS Server: whois.register.com
URL: www.register.com
Registrar: REGISTER.COM, INC.
IANA ID: 9
Abuse Contact Email:abuse@web.com
Abuse Contact Phone: +1.4042602594

## Status

Domain Status:clientTransferProhibited

## Important Dates

Updated Date: 2014-09-25
Created Date: 2012-10-22
Registration Expiration Date: 2015-10-22

## Name Servers

DNS01.GPN.REGISTER.COM
DNS02.GPN.REGISTER.COM
DNS03.GPN.REGISTER.COM
DNS04.GPN.REGISTER.COM
DNS05.GPN.REGISTER.COM

## Raw WHOIS Record

```
Domain Name: INSURANCEACCURATE.COM
Registry Domain ID: 1754045265_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.register.com
Registrar URL: www.register.com
Updated Date: 2014-09-25T12:39:45.00Z
Creation Date: 2012-10-22T21:23:00.00Z
Registrar Registration Expiration Date: 2015-10-22T20:23:00.00Z
Registrar: REGISTER.COM, INC.
Registrar IANA ID: 9
Registrar Abuse Contact Email: abuse@web.com
Registrar Abuse Contact Phone: +1.4042602594
Domain Status: clientTransferProhibited
Registry Registrant ID:
Registrant Name: DOMAIN ADMINISTRATOR
Registrant Organization: INSURANCE TECHNOLOGIES CORPORATION
Registrant Street: 1415 HALSEY WAY
Registrant Street: #314
Registrant City: CARROLLTON
Registrant State/Province: TX
Registrant Postal Code: 75007
Registrant Country: US
Registrant Phone: +1.9722453660
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: DOMAINADMIN@GETITC.COM
Registry Admin ID:
Admin Name: DOMAIN ADMINISTRATOR
Admin Organization: INSURANCE TECHNOLOGIES CORPORATION
Admin Street: 1415 HALSEY WAY
Admin Street: #314
Admin City: CARROLLTON
Admin State/Province: TX
Admin Postal Code: 75007
Admin Country: US
Admin Phone: +1.9722453660
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: DOMAINADMIN@GETITC.COM
Registry Tech ID:
Tech Name: DOMAIN ADMINISTRATOR
```

```
Tech Organization: INSURANCE TECHNOLOGIES CORPORATION
Tech Street: 1415 HALSEY WAY
Tech Street: #314
Tech City: CARROLLTON
Tech State/Province: TX
Tech Postal Code: 75007
Tech Country: US
Tech Phone: +1.9722453660
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: DOMAINADMIN@GETITC.COM
Name Server: DNS01.GPN.REGISTER.COM
Name Server: DNS02.GPN.REGISTER.COM
Name Server: DNS03.GPN.REGISTER.COM
Name Server: DNS04.GPN.REGISTER.COM
Name Server: DNS05.GPN.REGISTER.COM
DNSSEC: unSigned
URL of the ICANN WHOIS Data Problem Reporting System:
http://wdprs.internic.net/
Last update of WHOIS database: 2014-09-25T12:39:45.00Z


The data in this whois database is provided to you for information
purposes only, that is, to assist you in obtaining information
about or
related to a domain name registration record. We make this
information
available "as is," and do not guarantee its accuracy. By submitting
a
whois query, you agree that you will use this data only for lawful
purposes and that, under no circumstances will you use this data
to: (1)
enable high volume, automated, electronic processes that stress or
load
this whois database system providing you this information; or (2)
allow,
enable, or otherwise support the transmission of mass unsolicited,
commercial advertising or solicitations via direct mail, electronic
mail, or by telephone. The compilation, repackaging, dissemination
or
other use of this data is expressly prohibited without prior
written
consent from us.


We reserve the right to modify these terms at any time. By
submitting
this query, you agree to abide by these terms.
Version 6.3 4/3/2002
```

2/23/2015 | ICANN WHOIS

The data in Register.com's WHOIS database is provided to you by
Register.com for information purposes only, that is, to assist you
in
obtaining information about or related to a domain name
registration
record.  Register.com makes this information available "as is," and
does not guarantee its accuracy.  By submitting a WHOIS query, you
agree that you will use this data only for lawful purposes and
that,
under no circumstances will you use this data to: (1) allow,
enable,
or otherwise support the transmission of mass unsolicited,
commercial
advertising or solicitations via direct mail, electronic mail, or
by
telephone; or (2) enable high volume, automated, electronic
processes
that apply to Register.com (or its systems).  The compilation,
repackaging, dissemination or other use of this data is expressly
prohibited without the prior written consent of Register.com.
Register.com reserves the right to modify these terms at any time.
By submitting this query, you agree to abide by these terms.

**Submit a Complaint for WHOIS**
WHOIS Inaccuracy Complaint Form
WHOIS Service Complaint Form

WHOIS Compliance FAQs

NOTICE, DISCLAIMERS AND TERMS OF USE:

All results shown are captured from registries and/or registrars and are framed in real-time.
ICANN does not generate, collect, retain or store the results shown other than for the transitory
duration necessary to show these results in response to real-time queries.* These results are
shown for the sole purpose of assisting you in obtaining information about domain name
registration records and for no other purpose.  You agree to use this data only for lawful purposes
and further agree not to use this data (i) to allow, enable, or otherwise support the transmission by
email, telephone, or facsimile of mass unsolicited, commercial advertising, or (ii) to enable high
volume, automated, electronic processes to collect or compile this data for any purpose, including
without limitation mining this data for your own personal or commercial purposes.  ICANN
reserves the right to restrict or terminate your access to the data if you fail to abide by these terms
of use. ICANN reserves the right to modify these terms at any time.  By submitting a query, you
agree to abide by these terms.

2/23/2015                                        | ICANN WHOIS

* There is one exception:  ICANN acts as the registry operator for the .int TLD, and in that capacity it does collect, generate, retain and store information regarding registrations in the .int TLD.

© 2015 Internet Corporation for Assigned Names and Numbers     Privacy Policy

Page **27** of **27**
**Accurate Insurance Services, Inc. v. Joseph Stinger d/b/a Accurate Insurance Agency**